PROVOSTY, J.
In the latter part of the year 1896, the plaintiffs — nine in number — and the defendant, their brother, owned in indivisión, share and share alike, a large sugar plantation. The plantation was under seizure, and the money market was tight, and the defendant alone of the joint owners was in a financial position to be able to save the plantation from going to sale at a sacrifice. With a view to saving the plantation, plaintiffs and defendant entered into a written contract by which defendant was to bid in the plantation at the sheriff’s sale in his own name, and furnish $2,500, which it was necessary to pay cash, and assume the mortgage on the place for the balance of the purchase price, and thereafter operate the place until .all the debts should have been paid, with authority to do all things necessary in the premises; none of the plaintiffs to interfere with him; he to have 8 per cent, per annum interest on the money advanced by him, and $75 per month for his services, and to keep an account of all receipts and expenditures, and to furnish each of the plaintiffs yearly a statement of the account, and to pay $35 per month to their mother; a majority of the owners to have the right to sell the plantation at any time, provided the price equalled the total debt. In accordance with this agreement, the defendant bid in the plantation, and took charge of it.
In April, 1892, when this suit was filed, he had never furnished the plaintiffs with an account, although they had repeatedly called for and demanded it, and had not paid the $35 per month to the mother. Plaintiffs make other complaints. It is not necessary to go into them. The failure to furnish an account promptly when asked was a breach of the contract, and is all-sufficient for its annulment. The relations were of a highly fiduciary character, and defendant should not even have waited to be asked for an account. He does not even now, in his answer in this suit, furnish one, but, instead thereof, insists that this furnishing of the account was only a “term” of the contract, and default therein was not a breach of the contract. We think it was, and a very gross one at that.
The lower court nonsuited plaintiffs because they had not tendered to defendant whatever amount might be due him, but our learned Brother lost sight of the fact that the plaintiffs do not know what the condition of the account is. Crops have been made, which, for all that plaintiffs know, may have converted defendant from a creditor into a debtor. The plaintiffs allege this .failure of defendant to render them an account, and their ignorance of the condition of the account, and their inability in consequence thereof to make a tender; they not knowing what amount to tender. Under these circumstances, they were dispensed from making-antecedent tender. Wederstrandt v. Freyhan, 34 La. Ann. 705, and cases there cited. As was said by this court in the ease of Wood v. Nicholls, 33 La. Ann. 744, “the doctrine of antecedent tender is derived from no textual provision of the law, but rests upon equitable principles, and should be controlled by equitable considerations.” As a matter of course, *212 the plaintiffs cannot take the property out of the hands of the defendant, or even terminate the operation of the contract, without first paying him all that may be due him, and reserve will have to be made in that regard in the judgment.
For some reason best known to themselves, the plaintiffs have not sued for an accounting, but merely for an annulment of the contract; reserving their right to demand an accounting in a separate suit. This splitting of the cause of action produces some awkwardness in the situation, since the contract must be annulled, and yet be permitted to continue in operation just as if legally existent. This is no reason, however, for denying to plaintiffs a relief they are clearly entitled to.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the contract entered into by the parties to this suit on the 28th of November, 1890, be, and the same is hereby, annulled, subject, however, to an accounting and settlement to be had between the parties, and to the payment by plaintiffs to the defendant of whatever may be found to be' due him on such accounting and settlement; until such accounting and settlement and payment, the said contract to continue in operation, and defendant to continue to have the same rights and to be under the same obligations as heretofore; defendant to pay costs in both courts.